IN THE CIRCUIT COURT OF THE
20th JUDICIAL CIRCUIT, IN AND FOR
LEE COUNTY, FLORIDA

CASE NO.: _____

**RAYMOND JONES,**

    **Plaintiff,**

vs.

**SHAW DEVELOPMENT LLC,**
a Florida Limited Liability Company.

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, RAYMOND JONES ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, SHAW DEVELOPMENT LLC ("Defendant") and in support states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to Defendant's unlawful violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. Plaintiff is a person with a disability within a class of individuals protected by FMLA.

3. Plaintiff was and continues to be, a resident of Collier County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Lee County, Florida.

4. Defendants is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or

more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Defendants is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Defendant is a Florida Limited Liability Company, duly authorized to conduct business in the State of Florida and Lee County, Florida.

7. Plaintiff was at all times relevant to this action, working for Defendant in Lee County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FMLA.

8. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and he had worked at least 1,250 hours during those twelve (12) months.

9. Venue is proper in Lee County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Twentieth Judicial Circuit, In and for Lee County, Florida.

10. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

11. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. Plaintiff is 50 years old.

13. Plaintiff started working for Defendant on or about February 2017 as a Machine Operator II.

14. Plaintiff was absent from work for surgery on approved FMLA leave.

15. Plaintiff was approved to return to work by his doctors on November 16, 2020.

16. Upon Plaintiff's return he realized that he had been downgraded to a lower position and another employee much younger than Plaintiff had taken Plaintiff's job.

17. Plaintiff was given an entry-level work.

18. Plaintiff requested the company to promote him to his old position, but was never considered despite having the proper qualifications and experience

19. Plaintiff was passed over for the job by 20-year-old Gustavo Lopez and 20-year-old Florentino Tomas, despite Plaintiff having more seniority and experience than both of these individuals.

20. Plaintiff was given back his old position on or about April 2021, after Plaintiff filed the Charge of Discrimination with the EEOC.

21. Plaintiff was not paid the difference for the 4 months that he was demoted.

## COUNT I -RETALIATION UNDER THE FMLA

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff is an individual entitled to protection under the FMLA.

24. Plaintiff is an employee of Defendant within the meaning of the FMLA.

25. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

26. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

27. Defendant's actions constitute a violation of the FMLA.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II - AGE DISCRIMINATION IN VIOLATION OF THE FCRA**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

32. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is 50 years old.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III – RETALIATION IN VIOLATION OF FCRA

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

41. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

43. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

45. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 30th day of September, 2021                    Respectfully submitted,

  /s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005